UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WARREN BEHRENS, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:13-CV-40-JVB-MGG |
| ) | |
| ZIMMER INC., ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Short Form Complaint [DE 29], filed on May 21, 2020, by Defendant Zimmer Inc. ("Zimmer"). No response was filed, and the Court previously warned Plaintiffs, who are litigating *pro se* at this time, that the Court could proceed to rule on the motion if no response was filed.

This case was initiated on July 26, 2012, when Plaintiffs filed a Short Form Complaint with a Long Form Complaint attached as an exhibit. The case was originally filed in the Northern District of Illinois, was transferred here, and was later transferred back to the Northern District of Illinois as part of Multidistrict Litigation (MDL) case number 2272. On August 19, 2019, the United States Judicial Panel on MDL remanded the case back to this judicial district.

In the instant motion to dismiss and the accompanying memorandum, Zimmer asserts that this cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As Zimmer identifies, Zimmer filed a Master Answer in the MDL, which was deemed an answer to Plaintiffs' Short Form Complaint, so this motion is more properly considered a motion for judgment on the pleadings under Rule 12(c).

A motion under Rule 12(c) is governed by the same standard as a Rule 12(b)(6) motion. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The purpose of such a motion

is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

   Judge Rebecca Pallmeyer of the Northern District of Illinois, in issuing a Suggestion of Remand of Plaintiffs' claims in the MDL, found on August 14, 2019, that Zimmer demonstrated that Plaintiff Warren Behrens's implant is not one that is the subject of the MDL. *See Behrens v. Zimmer, Inc.*, No. 13 C 1547 (N.D. Ill. Aug. 15, 2019). Critical to Zimmer's motion is whether the Court can take judicial notice this statement. As a general rule, evidence cannot be submitted to the Court for consideration in ruling on a motion brought under Rule 12(c). However, Federal Rule of Evidence Rule 201(b) allows judicial notice of an adjudicative fact that "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The advisory committee notes to the 1972 proposed Rule 201 clarify that "[a]djudicative facts are simply the facts of the particular case."

The case docket from Plaintiffs' case as it was pending as a part of the MDL in the Northern District of Illinois reports the above finding of Judge Pallmeyer. The accuracy of this finding cannot reasonably be questioned. Notably, this is a finding made in this very same case, even though it was made in this case while it was pending before a different court. The Court takes judicial notice of the finding that, for the purpose of this case, the surgical implant that Warren Behrens received is not one covered by the MDL.

The Long Form Complaint identifies five specific medical devices at issue in that complaint. Through Judge Pallmeyer's finding regarding Mr. Behrens's implant, it has been judicially determined that Mr. Behrens's implant is not one of these five devices. Accordingly, the allegations in the Long Form Complaint regarding those five devices do not support Defendants' claims for relief. Further, the allegations in the Short Form Complaint are also directed toward two of the five medical devices at issue in the Long Form Complaint. But, it has been judicially determined that Mr. Behrens's received neither of these implants. The remaining allegations of the complaints do not state a claim upon which relief can be granted that passes the plausibility requirements of *Twombly* and *Iqbal*. Indeed, these remaining allegations name no specific Zimmer product that allegedly injured Plaintiffs. Accordingly, the motion to dismiss is granted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Short Form Complaint [DE 29] and **DISMISSES without prejudice** this cause of action. The Court **DENIES as moot** Zimmer's Motion for Show Cause Order [DE 21].

SO ORDERED on July 6, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT